**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MATTHEW SHEDRON** *on behalf of himself and all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) CASE |
| v. | ) JUDGE |
| **THE SCOTTS COMPANY, LLC** | ) MAGISTRATE JUDGE |
| -and- | ) |
| **EG SYSTEMS, INC.** | ) |
| -and- | ) |
| **SCOTTS MIRACLE-GRO PRODUCTS, INC.**, | ) ) |
| Defendants. | ) |

**PLAINTIFF'S COLLECTIVE ACTION**
**AND CLASS ACTION COMPLAINT**

Now comes Matthew Shedron ("Plaintiff"), by and through counsel, and for his Collective Action and Class Action Complaint against The Scotts Company, LLC, EG Systems, Inc., and Scotts Miracle-Gro Products, Inc. (collectively

"Defendants"), pursuant to Fed. R. Civ. P. 15(1)(B), states and alleges the following:

## INTRODUCTION

1. This action challenges Defendants' practices and policies of failing to pay Plaintiff and other similarly-situated employees regular and overtime wages earned by them and owed to them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff was a non-exempt employee of Defendants who regularly worked more than forty (40) hours in a workweek. Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week, however Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rates of pay for all hours worked over forty.

3. Defendants likewise did not pay proper overtime to other similarly situated workers throughout the United States. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him and on behalf of all other similarly situated employees, current and former, who worked for Defendants at any time during the three years prior to the filing of this lawsuit.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

6. Plaintiff was employed by Defendants as a territory service representative between approximately May 2013 and November 2016.

7. At all times relevant herein, Plaintiff was a citizen of Michigan.

8. At all times relevant herein, Plaintiff and other similarly-situated employees were employees within the meaning of 29 U.S.C. § 203(e).

9. At all times relevant herein, Plaintiff and other similarly-situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Defendant The Scotts Company, LLC is a limited liability company which has and is doing business in the state of Michigan.

11. Defendant EG Systems, Inc. is a foreign business corporation which has and is doing business in the state of Michigan.

12. Defendant Scotts Miracle-Gro Products, Inc. is a foreign limited liability company which has and is doing business in the state of Michigan.

13. Defendants represent themselves to the general public as one

company – Scotts – operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to their customers, and use the same business model. These facts represent a classic example of "corporate fragmentation."

14. Additionally, Defendants are subject to common control and management.

15. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

16. At all times relevant herein, Defendants conducted business activities throughout Michigan and the United States.

17. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

18. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

19. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(a)(1).

20. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

21. Defendants provide lawn, tree, and shrub care and maintenance services throughout Michigan and the United States.

22. Defendants employed Plaintiff and other similarly-situated individuals to perform these services.

23. Plaintiff and other similarly-situated individuals are not exempt from overtime pay.

24. During the relevant time period, Defendants compensated Plaintiff and other similarly-situated individuals pursuant to the "fluctuating work week" ("FWW") method.

25. However, Defendants improperly implemented the FWW method of pay.

26. Because Defendants did not comply with the law, Plaintiff and other similarly-situated individuals were paid at rates less than what the law requires and thus are owed significant damages.

27. The FWW method, when properly implemented, allows an employer to pay its non-exempt employees at one-half the employee's regular rates of pay (the "half-time" premium) for any hours worked over forty (40) as opposed to

paying the employee one-and-one-half times the employee's regular rates of pay.

28. 29 C.F.R. § 778.114 governs the FWW method of pay. Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

29. Thus, to utilize the FWW method, the following elements must be satisfied:

 (1) The employee's hours fluctuate from week to week;
 (2) there is a clear mutual understanding amongst the employee and employer;
 (3) that the employ will receive a fixed salary;
 (4) for every hour worked; and
 (5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

30. During the relevant time period, Defendants paid Plaintiff and other similarly-situated individuals supplementary payments and bonuses in addition to their regular salary.

31. The supplementary payments and bonuses that Defendants paid Plaintiff and other similarly-situated individuals were directly tied to hours worked, days worked, and/or the amount of time that was worked. In fact, the supplementary payments and bonuses were contingent upon hours worked, days worked, and/or the amount of time that was worked.

32. The amount of the supplementary payments and bonuses that Plaintiff and other similarly-situated individuals received varied from week to week.

33. Consequently, the gross amounts that Plaintiff and other similarly-situated individuals received each week were not fixed, as the law requires.

34. Additionally, the supplementary payments and bonus payments were not factored into the regular rates of pay for Plaintiff or other similarly-situated individuals.

35. Thus, Plaintiff, FLSA Class Members and other similarly-situated individuals were paid overtime at rates less than what is mandated under the FWW.

36. Moreover, Defendants violated the law because there was no clear and mutual understanding reached between Plaintiff and other similarly-situated individuals and Defendants. The Plaintiff and other similarly-situated individuals were essentially paid as hourly employees but without overtime pay at the rate of one-and-one-half times their regular rates of pay for every hour worked over forty

(40) in a week.

37. Given that Defendants improperly implemented the FWW method, Plaintiff and other similarly-situated individuals were denied overtime at the rates mandated under the FLSA.

38. Specifically, Plaintiff and other similarly-situated individuals received compensation at rates less than time-and-a-half their regular rates of pay for those hours worked over forty (40) per week.

39. Defendants' method of paying Plaintiff and other similarly-situated individuals was in violation of the FLSA.

40. Defendants violation of the FLSA as described herein was willful.

**COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

42. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former territory service representatives employed by E.G. Systems, Inc. or The Scott's Company, LLC, between March 6, 2014 and the present, and all other current and former employees employed by E.G. Systems, Inc. or The Scott's Company, LLC who were paid for at least one week under the fluctuating

workweek method between March 6, 2014 and the present.

43. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of thousands of persons.

44. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid regular and overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly-situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own interests in bringing this action.

45. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT ONE
**Violation of the Fair Labor Standards Act
29 U.S.C. § 201, et seq.**

46. Plaintiff incorporates by reference the foregoing allegations as if fully

rewritten herein.

47.	Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

48.	By engaging in the above-mentioned activities, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

49.	As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all those similarly situated collectively pray that this Honorable Court:

A.	Issue an order permitting this litigation to proceed as a collective action;

B.	Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.	Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

D.  Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E.  Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.  Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.  Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**BLANCHARD & WALKER**

/s/ David M. Blanchard
David Blanchard (P67190)
blanchard@bwlawonline.com
221 North Main Street, Suite 300
Ann Arbor, Michigan 48104
734-929-4313 [Telephone]

**COHEN ROSENTHAL & KRAMER LLP**
Jason R. Bristol (admissions forthcoming)
jbristol@crklaw.com
Joshua B. Fuchs (admissions forthcoming)
jfuchs@crklaw.com
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

        **RION, RION & RION, LPA INC.**
Kevin Darnell (admissions forthcoming)
kdarnell@rionlaw.com
130 West Second Street, Suite 2150
Dayton, Ohio 45402
937-223-9133 (phone)
937-223-7540 (fax)

Dated: March 6, 2017        Counsel for Plaintiff